**Henry C. MAXWELL, Jr., et al.,**
**Plaintiffs-Appellants,**

v.

**COUNTY BOARD OF EDUCATION OF**
**DAVIDSON COUNTY, TENNESSEE,**
**et al., Defendants-Appellees.**

**No. 14607.**

United States Court of Appeals
Sixth Circuit.

April 4, 1962.

Avon N. Williams, Jr., Nashville, Tenn., Jack Greenberg, New York City, Z. Alexander Looby, Nashville, Tenn., Thurgood Marshall, James M. Nabrit, III, New York City, on brief, for appellants.

K. Harlan Dodson, Jr., Nashville, Tenn., Shelton Luton, Nashville, Tenn., on brief, for appellees.

Before MILLER, Chief Judge, CECIL, Circuit Judge, and DARR, Senior District Judge.

CECIL, Circuit Judge.

This is an appeal from an order of the United States District Court for the Middle District of Tennessee concerning the desegregation of the public school system of Davidson County, Tennessee. This is the county in which the city of Nashville is located.

The appellants are Negroes and citizens of the United States and Davidson

county. The adult plaintiffs are parents or guardians of the infant plaintiffs and reside with them in Davidson county. The infant plaintiffs are school children who have been attending the public schools of Davidson county and who can satisfy all of the requirements for admission to the public schools operated by the defendant County Board of Education. The action was brought in the District Court by the plaintiffs, as a class action for themselves and on behalf of all others similarly situated.

The appellees are the County Board of Education, sued as a corporate or continuous body or entity, the individual members thereof, sued in their official capacity and as individuals, and the Superintendent of Schools, sued in his official capacity and as an individual.

The parties will be referred to hereinafter, respectively, as plaintiffs and defendants.

By this appeal three of the named infant plaintiffs seek a reversal of an order of the District Court denying them admission to certain schools heretofore denominated "white" schools. It is conceded that they live nearer to the schools to which they seek admission than they do to the so-called "Negro" schools which they are required to attend. It is also admitted that they were denied admission to these schools by reason of their race or color and that if they had been white children their requests would have been granted. The trial judge denied these plaintiffs admission to the schools to which they requested transfers.

He refused to approve the board's plan for a step-by-step, grade-a-year plan of desegregation, but modified it so as to require four grades to be desegregated as of January 1, 1961. This made the schools in Davidson county, outside of and contiguous with the city of Nashville, operate on a parallel basis with the city. As of now, five grades are desegregated.

The plan as approved included a transfer feature which is the same as the one in the Nashville plan. It provided that some of the valid conditions of transfer would be the following: "a. When a white student would otherwise be required to attend a school previously serving colored students only. b. When a colored student would otherwise be required to attend a school previously serving white students only. c. When a student would otherwise be required to attend a school where the majority of students in that school, or in his or her grade, are of a different race."

Two questions are presented on this appeal. One, that the constitutional rights of some of the named plaintiffs are being violated in denying them the privilege of immediate transfer to schools that are nearer their homes than the ones they are required to attend, solely on the ground of race or color. Two, that the transfer feature of the plan violates the Fourteenth Amendment to the Constitution, for the reason that it provides for transfers to be made solely on the basis of race or color.

The same questions were decided in our opinion in Goss et al., v. Board of Education of City of Knoxville et al., 6 Cir., 1962, 301 F.2d 164.

In that case we said, on the first question: "As previously indicated, we think the Supreme Court contemplated that there would have to be plans for the transition and that some individual rights would have to be subordinated for the good of many. The smooth working of a plan could be thwarted by a multiplicity of suits by individuals seeking admission to grades not yet reached in the desegregation plan."

On the second question, we said: "We do not think the transfer provision is in and of itself illegal or unconstitutional. It is the use and application of it that may become a violation of constitutional rights. * * * A similar transfer plan was approved by this Court in Kelley v. Board of Education of City of Nashville, 270 F.2d 209, C.A.6, cert. denied, 361 U.S. 924, 80 S.Ct. 293, 4 L.Ed.2d 240. We adhere to our former ruling with the admonition to the board that it cannot use this as a means to perpetuate segregation."

Reference is hereby made to the Knoxville case for our full discussion on these questions. There is virtually no dispute on the pertinent facts of this case as found by the trial judge. We think the law, as applied by him to these facts, is in accord with the spirit and specific requirements of the pronouncements of the Supreme Court on the subject. Brown v. Board of Education, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873; Brown v. Board of Education, 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083; Cooper v. Aaron, 358 U.S. 1, 78 S.Ct. 1401, 3 L.Ed.2d 5. Judge Miller's Findings of Fact and Conclusions of Law are reported at 203 F.Supp. 768.

For the reasons stated herein and in the Knoxville opinion, and upon the Findings and Conclusions of Judge Miller, the judgment of the District Court is affirmed.